# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MALIBU MEDIA, LLC,

       *Plaintiff*,

    v.

JOHN DOE subscriber assigned IP address
173.73.209.130,

       *Defendant.*

Civil Action No. 16-2014 (DLF)

## MEMORANDUM OPINION

Before the Court is Malibu Media LLC's Motion for Leave to Serve a Third Party

Subpoena Prior to a Rule 26(f) Conference. Dkt. 4. For the reasons that follow, the Court will

grant the motion. Malibu Media shall serve its subpoena consistent with this opinion and the

accompanying order.

## I. BACKGROUND

Malibu Media owns a subscription-based pornography website. *See* Compl. ¶ 2, Dkt. 1;

Pl.'s Mem. at 3, Dkt. 4-1. It alleges that the unnamed defendant John Doe, via Internet Protocol

(IP) address 173.73.209.130, infringed copyrighted material by copying and distributing videos

in violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq*. Compl. ¶¶ 2, 30–35. Malibu Media

does not know John Doe's true identity, but alleges that its investigator used geolocation

technology[1] to trace John Doe's IP address to the District of Columbia. *Id.* ¶ 5. To identify John

Doe, Malibu Media now seeks leave to serve a subpoena on John Doe's Internet Service

---

[1] Malibu Media states that "[b]ased upon experience filing over 1,000 cases the geolocation
technology used by Plaintiff has proven to be accurate to the District level in over 99% of the
cases." Compl. ¶ 6.

Provider (ISP), Verizon Internet Services, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Generally, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by . . . court order." Fed. R. Civ. P. 26(d)(1). Courts have "wide discretion in discovery matters," and this Circuit applies a "good cause" standard for determining whether to authorize discovery before a Rule 26(f) conference. *Malibu Media, LLC v. Doe*, 64 F. Supp. 3d 47, 49 (D.D.C. 2014) (quoting *Warner Bros. Records v. Does 1-6*, 527 F. Supp. 2d 1, 2 (D.D.C. 2007)).

To establish "good cause," a plaintiff must (1) show that the "discovery is necessary before th[e] suit can progress further" and (2) have "at least a good faith belief such discovery will enable it to show that the court has personal jurisdiction over the defendant." *Malibu Media, LLC v. Doe*, No. 15-cv-0986, 2015 WL 5173890, at *1 (D.D.C. Sept. 2, 2015) (internal quotation marks omitted); *Caribbean Broad. Sys. Ltd. v. Cable & Wireless PLC*, 148 F.3d 1080, 1090 (D.C. Cir. 1998). Under the District of Columbia's long-arm statute, "the only conceivable way that personal jurisdiction might properly be exercised" is if the defendant is a "resident of the District of Columbia or at least downloaded the copyrighted work in the District." *See AF Holdings, LLC v. Does 1–1058*, 752 F.3d 990, 996 (D.C. Cir. 2014) (citing D.C. Code § 13-423(a)(3), (4)).

## III. ANALYSIS

Malibu Media has established "good cause." First, Malibu Media has shown that "this suit cannot move forward without Plaintiff first being able to identify Defendant so that service can be effected." *Malibu Media, LLC v. Doe*, No. 16-cv-0639, 2016 WL 1698263, at *2 (D.D.C.

Apr. 27, 2016). According to a declaration provided by Malibu Media, John Doe's ISP is the only entity that can identify John Doe by correlating the IP address to the alleged infringement. Paige Decl. ¶ 14, Dkt. 4-3; *see also* Pl.'s Mem. at 8 ("Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity."). Second, Malibu Media has presented a "good faith belief" that this Court has personal jurisdiction over John Doe. In particular, Malibu Media alleges that its investigator used geolocation technology to trace John Doe's IP address to the District of Columbia. Compl. ¶¶ 5–6. The D.C. Circuit has "suggested that reliance on 'geolocation services' of this sort is sufficient to justify a 'good faith belief' that a district court has personal jurisdiction over unknown defendants." *Malibu Media, LLC v. Doe*, 2015 WL 5173890, at *2 (quoting *AF Holdings*, 752 F.3d at 996). And district courts have relied on geolocation services to reach just that conclusion. *See, e.g.*, *id.*; *Malibu Media, LLC v. Doe*, No 18-0600, 2018 WL 1730308, at *2–3, (D.D.C. Apr. 10, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 17-cv-2347, 2018 WL 385418, at *2–3 (D.D.C. Jan. 11, 2018).

Because good cause exists, the Court will exercise its "broad discretion to . . . dictate the sequence of discovery" by granting Malibu Media's motion. *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007). Accordingly, the Court will authorize Malibu Media to serve a Rule 45 subpoena on John Doe's ISP directing the ISP to provide Malibu Media with the identity of the John Doe defendant currently identified by the IP address 173.73.209.130. This discovery may be used only for the limited purpose of protecting and enforcing Malibu Media's rights as set forth in its complaint.

## IV. PROCEDURAL SAFEGUARDS

In cases alleging infringement of copyrighted pornography, some courts have issued protective orders and established other procedural safeguards when granting leave to subpoena an ISP. *See, e.g.*, *Malibu Media, LLC v. Doe*, 2018 WL 1730308, at *2–3; *Strike 3 Holdings,*

*LLC v. Doe*, 2018 WL 385418, at \*2–3; *Malibu Media, LLC v. Doe*, No. 15-cv-3504, 2016 WL

4444799, at \*2 (E.D.N.Y. Aug. 23, 2016).  A court, upon a showing of "good cause," may issue

an order to protect a party from "annoyance, embarrassment, oppression, or undue burden."  Fed.

R. Civ. P. 26(c).  The party requesting the protective order generally bears the burden of showing

good cause "by demonstrating specific evidence of the harm that would result."  *Strike 3*

*Holdings, LLC v. Doe*, No. 18-cv-0810, 2018 WL 2209207, at \*3 (D.D.C. May 14, 2018)

(internal quotation marks omitted).  Here, Malibu Media has not requested a protective order,

and—obviously—the unidentified and unserved defendant has not requested a protective order.

In the absence of any such request or any other suggestion of good cause, the Court will not issue

a general protective order at this time.

Once the defendant receives notice of this litigation, however, the defendant "may well

assert an interest in anonymity that would warrant the issuance of a protective order."  *Id.*  As

other courts have explained, "[t]he fact that a copyrighted work was illegally downloaded from a

certain IP address does not necessarily mean that the owner of that IP address was the infringer."

*Malibu Media, LLC v. Doe*, 2018 WL 1730308, at \*2–3 (internal quotation marks omitted).  The

alleged copyright infringer could be a third party who had access to the internet connection, such

as a family member, friend, or even a hacker.  In such cases, "[t]here is a real risk that defendants

might be falsely identified and forced to defend themselves against unwarranted allegations" and

an "innocent defendant may be coerced into an unjust settlement with the plaintiff to prevent the

dissemination of publicity surrounding unfounded allegations."  *Id.*

For these reasons, the Court will impose a number of procedural safeguards to "avoid

prejudicing Defendant's ability to seek [a protective order] in the future."  *Id.*  In particular,

Malibu Media shall not disclose the defendant's identity for a limited period of 30 days from the

date that Malibu Media obtains the identity of the defendant from the ISP. And if the defendant wishes to proceed anonymously in this litigation, the defendant shall file a motion for a protective order within 30 days from the date the defendant receives written notice of the subpoena from the ISP. The accompanying order describes in further detail the procedures that shall govern expedited discovery in this case.

## CONCLUSION

For the foregoing reasons, the Court grants Malibu Media LLC's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, Dkt. 4. A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

Date: June 12, 2018